IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE ANN SHEHAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 14-888 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 13) and granting Defendant's Motion for Summary Judgment. (ECF No. 15).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits pursuant to the Social Security Act ("Act"). In her application, Plaintiff alleges she became disabled on May 17, 2010. (ECF No. 9-6, p. 2). Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on September 6, 2012. (ECF No. 9-2, pp. 43-66). On September 21, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-2, pp. 21-32). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 13 and 15). The issues are now ripe for review.

1

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Listing 12.06

Plaintiff argues that the ALJ erred in finding that Plaintiff's combination of impairments did not meet or medically equal the severity of Listing 12.06, anxiety-related disorders. (ECF No. 14, pp. 7-8). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

To fall within the listed impairment of 12.06, a plaintiff must meet the requirements set forth in part A and part B or part A and part C.[1] Listing 12.06 provides:

---

[1]Part A is a set of medical findings and parts B and C are sets of impairment-related functional limitations. *See,* 20 C.F.R. Pt. 404, Subpt. P, Appx.1 §12.00.

3

A. Medically documented findings of at least one of the following:

1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms:
   a. Motor tension; or
   b. Autonomic hyperactivity; or
   c. Apprehensive expectation; or
   d. Vigilance and scanning; or
2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or
3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week; or
4. Recurrent obsessions or compulsions which are a source of marked distress; or
5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;

AND

B. Resulting in at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration.

OR

C. Resulting in complete inability to function independently outside the area of one's home.

20 C.F.R. Pt. 404, Subpt. P, Appx.1 §12.06.

Here, Plaintiff essentially argues that the ALJ erred by misunderstanding her impairments and suggests that she has marked limitations in two of the required fields (activities of daily living and maintaining social functioning) such that she meets Listing 12.06. (ECF No. 14, pp. 7-8). She also argues that the ALJ failed to consider the opinions of her primary care physician, Dr. Bhat-Schelbert, which support her position.[2]  *Id.*   Thus, Plaintiff argues that remand is warranted. After a review of the record, I disagree.

The ALJ in this case stated as follows:

---

[2] The standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> In activities of daily living, the claimant has mild restrictions. At the hearing and through reports completed by the claimant, she acknowledged she is able to provide for her personal care, complete household chores, and prepare simple meals (Exhibit 3E). Dr. Emanuel Schnepp, a State Disability Determination Services (hereinafter "DDS") psychologist, reviewed the claimant's matter in May 2011 and found the claimant has mild limitations in this functional domain due to her anxiety(Exhibit 8F). Weighing the evidence in the claimant's favor, she has mild restrictions in her activities of daily living.
>
> In social functioning, the claimant has moderate difficulties. The claimant alleges she has significant difficulties going out alone. Nonetheless, she acknowledged there are period s in which she is alone in public after dropping her boyfriend off at work and when she briefly shops at a local store (Exhibit 3E). The claimant also reported she visits with friends and family, interacts with others using the internet, talks on the telephone, and gets along well with authority figures (Exhibit 3E). The records show she was able to work outside of her home, although she alleged she did so when she worked near her boyfriend (Exhibits 2D-5D, 2E and 3E). Dr. Schnepp indicated the claimant has mild difficulties in social functioning (Exhibit 8F). Viewing the records in the light most favorable to the claimant, I find the claimant's anxiety causes her moderate difficulties in this area of functioning.

(ECF No. 9-2, p. 25). After a review of the record, I find there is substantial evidence of record to support these statements. *Id.* at pp. 21-32. Thus, I do not find that the ALJ's conclusions were based on a mischaracterization of the evidence as stated.

Furthermore, the ALJ discussed the opinion of Dr. Bhat-Schelbert and did not give it controlling weight because it was not well supported by the record and inconsistent with other evidence of record. (ECF No. 9-2, p. 29-30). I have reviewed the record and, based on the same, I find the reasons given by the ALJ in weighing the opinion of Dr. Bhat-Schelbert to be appropriate and sufficiently explained. (ECF No. 6-2, pp. 15-25); 20 C.F.R. §§ 416.927, 404.1527 (discussing the evaluation of medical opinions). Furthermore, I find the ALJ's determination is sufficient such that I can make a proper and meaningful review. Moreover, I find the ALJ's opinion is supported by substantial evidence. (ECF No. 9-2, pp. 21-32). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

### C.     Residual Functional Capacity ("RFC") [3]

Plaintiff next argues that the ALJ improperly determined Plaintiff's RFC. (ECF No. 14, pp. 8-11). To that end, Plaintiff argues, again, that the ALJ erred in discrediting the opinion of Dr. Bhat-Schelbert. *Id.* The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.157(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . .

---

[3] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

. the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). Additionally, I note that state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

In this case, the ALJ specifically set forth his reasons for discounting Dr. Bhat-Schelbert's opinions. (ECF No. 9-2, pp. 29-30). After a review of the record, I find the reasons stated by the ALJ for assigning little weight to Dr. Bhat-Schelbert's opinions were appropriate and supported by sufficient evidence of record.[4] (ECF No. 9-2, pp. 21-32). Consequently, I find no error in this regard and, therefore, remand is not warranted on this basis.

### D. Past Relevant Work

Plaintiff next argues that the ALJ erred in determining that Plaintiff could perform her past relevant work as a food assembler. (ECF No. 14, pp. 12-13). Past relevant work pertains to the particular job or the occupation as performed by a plaintiff.

---

[4] Plaintiff suggests that the ALJ erred by discrediting Dr. Bhat-Schelbert on the basis that there was no other evidence of hospitalizations, yet Plaintiff alleges she had "three hospitalizations" in 2009. (ECF No. 14, p. 10). To begin with, this was not the only reason given by the ALJ for discrediting Dr. Bhat-Schelbert's opinions. (ECF No. 9-2, pp. 29-30). Moreover, the "three hospitalizations" were emergency room visits only. Additionally, the emergency room visits occurred well before Plaintiff's alleged on set date of May 17, 2010. Consequently, I find no error on the part of the ALJ in discrediting Dr. Bhat-Schelbert's opinions, in part, on the basis that Plaintiff had no hospitalizations.

> The part of the law pertaining to past relevant work provides that as a part of the requirements for a finding of disability a claimant must have a medically determinable physical or mental impairment of such severity that he or she is not able to do his or her previous work. Sections 404.1520(e) and 416.920(e) of the regulations state as follows:
>
> "Your impairment must prevent you from doing past relevant work. If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment, we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. _If you can still do this kind of work_, we will find that you are not disabled." (Underscoring added.)
>
> The regulations further state, in sections 404.1565(a) and 416.965(a), that work experience applies (is relevant) when it was done within the last 15 years, lasted long enough for the person to learn to do it and was substantial gainful activity.

SSR 82-61. Thus, "a claimant will be found to be 'not disabled' when it is determined that he or she retains the RFC to perform…the actual functional demands and job duties of a particular past relevant job." *Id.*

In support of her argument, Plaintiff suggests that there is evidence that Plaintiff cannot perform even "low stress occupations." (ECF No. 14, pp. 11-12). The standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument is misplaced. Nonetheless, I have reviewed the record and based on the same, I find there is substantial evidence of record to support the ALJ's finding that Plaintiff is capable of performing past relevant work as a food assembler. (ECF No. 9-2, p. 31). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHANIE ANN SHEHAND,                )
                                       )
           Plaintiff,                  )
                                       )
    -vs-                               )     Civil Action No.  14-888
                                       )
CAROLYN W. COLVIN,                     )
COMMISSIONER OF SOCIAL SECURITY,       )
                                       )
           Defendant.                  )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 20th day of April, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 13) is denied and Defendant's Motion for Summary Judgment (Docket No. 15) is granted.

BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge